UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL L. MARCONI,              ) | |
| ) | |
| Plaintiff,           ) | |
| ) | 06-2162 |
| v.                              ) | |
| ) | |
| CITY OF CHAMPAIGN, a municipal  ) | |
| corporation, CHAMPAIGN POLICE   ) | |
| OFFICER JEFFREY THOMAS,         ) | |
| CHAMPAIGN POLICE OFFICER        ) | |
| JEFFREY CREEL, CHAMPAIGN POLICE ) | |
| OFFICER DUSTIN PIERCE and       ) | |
| THE CARLE FOUNDATION HOSPITAL,  ) | |
| an Illinois corporation,        ) | |
| ) | |
| Defendant.           ) | |

## ORDER

The plaintiff, Samuel L. Marconi ("Marconi"), was at all relevant times a student at the University of Illinois. He lived in an apartment in Champaign, Illinois with three other male students.

On the night of October 28, 2005, Marconi was at his apartment with approximately eight to ten other students. Champaign police officers responded to a complaint of loud music during the early morning hours on October 29, 2005, and went to Marconi's apartment. The music was turned off, and Marconi contends that the music stayed off for the remainder of the early morning hours.

Marconi alleges that instead of leaving the premises, the defendant police officers pounded on the door, threatening to enter. Marconi opened the front door, exited the apartment and identified himself as a resident of the apartment. He informed the officers that the music would stay off for the rest of that morning. Marconi then went back into the apartment and closed the front door. Within fifteen to twenty minutes, the police officers went to the ground level parking area of the apartment building, located the main electrical box, and turned off all electricity to Marconi's apartment.

Concerned about the safety of the people in his apartment, Marconi then went to the parking area to turn the electricity back on. Marconi alleges that a police officer was crouched near a parked car and pounced on Marconi. Fearful for his safety, Marconi ran through the parking area to the street. He was then confronted by other police officers who were waiting

with a squad car. One of the officers tackled Marconi and brought him to the ground. Marconi states that he informed the officers he would not move or try to escape. Despite his assurances, police officers brutally beat him about his body and head. Marconi contends he sustained at least three severe blows to his head with a hard object. His face hit the pavement and he started to bleed. Marconi states his face and clothing were covered with blood.

Marconi alleges that the police officers then took him to Carle Foundation Hospital ("Carle") for the purpose of having the hospital staff clean him up to hide the obvious signs of the beating. Marconi told the hospital staff he did not want to be cleaned up, nor did he want to be treated. He relented when two Carle security guards surrounded him in a hostile and intimidating fashion suggesting they would physically force him to comply. He was given an incomplete physical examination[1] and a very thorough cleaning of his face and clothes. He was then taken to the jail, photographed, and arrested.

Marconi brings two claims against Carle: conspiracy to deprive him of his constitutional rights (Count III), and state law civil conspiracy (Count VI). Carle has filed a motion to dismiss both claims. For the following reasons, the motion to dismiss and/or strike certain paragraphs of the complaint [#6] is denied.

## ANALYSIS

In ruling on a motion to dismiss, a court must accept the plaintiff's well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Dismissal should be granted only if it appears that the plaintiff cannot prove a set of facts supporting his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). At this stage of the proceedings, the court's inquiry cannot extend to determining the credibility of the plaintiff's allegations.

Carle argues that Marconi has failed to state a federal claim because he has not alleged the requisite elements of a Section 1983 conspiracy and, consequently, his state law conspiracy claim must be dismissed for lack of subject matter jurisdiction. Under notice pleading principles, the plaintiff is not required to allege sufficient facts to support a prima facie case.

### I. Section 1983 conspiracy

To establish a claim under § 1983, the plaintiff must demonstrate that: (1) the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) the defendants acted under color of law when they deprived him of that right. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). "For an individual to act under color of law, there must be evidence of a *concerted effort* between a state actor and that individual." *Fries*, 146 F.3d at 457 (*citing Adickes*, 398 U.S. at

---

[1] Specifically, Marconi alleges that the hospital staff failed to diagnose his concussion. Later, the concussion was properly diagnosed and further testing and treatment were prescribed.

152) (emphasis in original).

Carle argues that Marconi's allegations are insufficient to establish a conspiracy, citing *Scherer v. Balkema*, 840 F.2d 437 (7th Cir. 1988). "[T]o establish a prima facie case of a civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer*, 840 F.2d at 442. As mentioned above, notice pleading does not require factual allegations to establish a right to a remedy.

Marconi claims Carle joined an ongoing conspiracy with the other defendants. He states that Carle deprived him "of his right to be free of excessive force by, among other things, conspiring to cover-up [sic] the beating of Plaintiff in the guise of providing so-called medical 'treatment.'" Compl. ¶ 36. Because of Carle's acts, Marconi's bloody appearance was not captured in his police photograph. The court, on this record, cannot say that Marconi cannot prove a set of facts showing that Carle joined an ongoing conspiracy to deprive Marconi of his constitutional rights.

## II. State law civil conspiracy

Carle argues that the court lacks subject matter jurisdiction over the state law claim for civil conspiracy because it does not arise from the same facts and circumstances as the excessive force claim. This court may exercise supplemental jurisdiction over "claims . . . so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). If, as Marconi claims, Carle joined an ongoing conspiracy with the other defendants, Carle's role in that conspiracy is inseparable from the other facts and circumstances presented in this case.

If Carle, early in the litigation, wishes to press its claim of no conspiracy, it should do so with a well supported motion for summary judgment under Fed. R. Civ. P. 56.

## III. Motion to strike

Carle also moves the court to strike paragraphs 18 and 19 of the complaint, arguing that the allegations imply medical malpractice. Carle contends that Marconi has not brought forth a medical malpractice claim; consequently, the allegations have no relation to the controversy and are prejudicial to Carle. The court disagrees. The allegations are relevant to the conspiracy claims because they suggest that Carle's acts were not in furtherance of medical treatment.

## CONCLUSION

    For the foregoing reasons, Carle's motion to dismiss [#6] is denied. A Rule 16 scheduling conference will be held on January 8, 2007, at 1:45 p.m. by personal appearance. See separate written order [#8].

    Entered this 15th day of December, 2006.

                  **s/Harold A. Baker**
                    _____
                    HAROLD A. BAKER
                  UNITED STATES DISTRICT COURT